Upon review of all the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, or to rehear the parties or their representatives, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the deputy commissioner with minor modifications as follows:
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing before the deputy commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff-employee and defendant-employer at all relevant times.
3. Shelby Insurance Company is the carrier at risk.
4. The parties stipulated that employee's average weekly wage is sufficient to result in the maximum weekly compensation rate of $532.00 for 1998.
5. The date of the alleged injury by accident or occupational disease is March 5, 1998.
***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was born on October 9, 1950, and was 47 years old as of the date of the hearing. Plaintiff is currently employed with defendant law firm as an attorney owner. She started her own law firm on June 12, 1996, following her termination from Donaldson Horsley, P.A. Plaintiff concentrates her practice primarily in workers' compensation.
2. In May of 1993, plaintiff moved from a law practice in Fayetteville, North Carolina, to Greensboro where she began to practice law with Donaldson Horsley.
3. Plaintiff opened her own law practice as a sole practitioner with approximately eighty (80) clients who had chosen to remain with her after she left Donaldon Horsley. Plaintiff alleges that many of these eighty (80) cases originated in Fayetteville while she practiced there prior to joining Donaldson Horsley, or resulted from contacts which plaintiff had established in Fayetteville prior to joining Donaldson Horsley. These clients initially composed the bulk of plaintiff's law practice.
4. As a result of a dispute between the two law firms over cases retained by plaintiff, the Industrial Commission directed that all attorney's fees in these disputed cases be held in attorney trust accounts until the parties resolved the disputed issues. These fees remained in trust for approximately four (4) months until the parties entered into an agreement concerning their disputed cases. Plaintiff agreed to pay Donaldson Horsley $181,000 to settle their dispute over the cases she retained by December 1997, regardless of the status of these cases. Thereafter, the Industrial Commission was advised of the terms of the settlement and attorney's fees were awarded according to the agreement over case division between plaintiff and Donaldson 
Horsley. Plaintiff alleges that she paid Donaldson Horsley $91,000.00 between October 1996 and June 1997. By June 1997, plaintiff had problems meeting the payment schedule of $10,000.00 per month, and requested that Donaldson Horsley work with her in accommodating a different payment schedule. A new schedule was established which required plaintiff to make payments of $6,000.00 per month. However, plaintiff found that she was unable to make these payments as well. Subsequently, in November 1997, Donaldson Horsley demanded immediate payment of the remaining $90,000.00 owed them.
5. Seeing no viable alternative, and upon advice of counsel, plaintiff filed a Chapter 7 Bankruptcy Petition on November 21, 1997, seeking relief from her personal debt, including that owed to Donaldson Horsley and to her own law practice.
6. Donaldson Horsley as one of the named creditors in plaintiff's Bankruptcy Petition filed an objection to the discharge, obtained an order to stay the bankruptcy proceedings, successfully petitioned that plaintiff's assets be frozen, and petitioned the North Carolina State Bar for the assignment of someone to take over plaintiff's practice.
7. Plaintiff became severely depressed as a result of the problems evolving from her dispute with Donaldson Horsley and the bankruptcy proceedings. On March 5, 1998, plaintiff began psychiatric treatment with Dr. Raouf Badawi of Guilford Psychiatric Associates, P.A. Dr. Badawi was continuing to treat plaintiff for her depression at the time of the hearing.
8. Plaintiff had no prior history of depression. No other factors or conditions were present in plaintiff's life to cause the onset of her depression.
9. As a result of plaintiff's dispute with Donaldson Horsley and her resulting financial problems, plaintiff experienced severe emotional stress which resulted in severe depression, requiring medical treatment and hospitalization.
10. Plaintiff's disabling depression was not due to causes and conditions characteristic of and peculiar to the practice of law. Plaintiff's work in representing her clients in her law practice did not place plaintiff at an increased risk of developing severe, disabling depression.
11. Plaintiff's severe, disabling depression did not result from an injury by accident.
***********
Based on the foregoing findings of fact and stipulations, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On or about March 5, 1998, plaintiff did not sustain a compensable injury by accident arising out of and in the course of her employment with defendant-employer when she developed severe depression. Plaintiff's depression was the direct result of a dispute between plaintiff and Donaldson Horsley and financial problems arising from this dispute.
2. Plaintiff has not proven by the greater weight of the evidence that her employment as an attorney representing clients in her own law firm significantly contributed to the development of her severe depression or that her employment placed her at an increased risk of developing depression over that of the general public not so employed. Therefore, plaintiff has not proven that she has contracted a compensable occupational disease.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
S/_____________ DIANNE C. SELLERS COMMISSIONER
jcb